UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20782-CIV-MORENO

ROBERTO RUVALCABA,

    Plaintiff,

vs.

ET PUBLISHING INTERNATIONAL, INC.,

    Defendant.
_____/



CLOSED CIVIL CASE

## ORDER GRANTING MOTION FOR REMAND

    Plaintiff Roberto Ruvalcaba filed suit in state court against his former employer, Defendant ET Publishing International, Inc., for unpaid bonuses and severance pay. Defendant removed this case to this Court alleging that Plaintiff's claim for severance benefits was within the jurisdiction of this Court as it was governed under the Employee Retirement Income Security Act ("ERISA"). Subsequently, Plaintiff moved to remand this case alleging that Defendant failed to establish jurisdiction pursuant to ERISA. Defendant then filed an Amended Notice of Removal which included an additional basis for federal jurisdiction. Specifically, Defendant alleged that Plaintiff's claims were also removable under the Convention on Recognition and Enforcement of Foreign Arbitral Awards because they were subject to written arbitration agreements.

    Plaintiff then moved to amend his Complaint to eliminate his claim for severance pay, which was granted, leaving one remaining claim for unpaid bonuses. As Plaintiff eliminated his claim for severance pay, he alleges that this Court has no jurisdiction pursuant to ERISA.

Further, Plaintiff alleges that this Court has no jurisdiction pursuant to the arbitration agreements because he never signed the agreements. Defendant, however, alleges that this Court still has jurisdiction pursuant to the arbitration agreements, even though Plaintiff never signed the agreements.

As Plaintiff amended his Complaint to eliminate his claim for severance pay and is only seeking his unpaid bonuses, the issue of whether this Court has jurisdiction pursuant to ERISA is moot. The only issue left for the Court to determine is whether this Court has jurisdiction due to the arbitration agreements cited by Defendants.

The Convention on Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. § § 202-208 (2009) provides for removal of claims filed in state court at any time before trial where an action pending in state court relates to an arbitration agreement or award falling under the Convention. 9 U.S.C. § 205 (2009). Defendant alleges that Plaintiff's claim for unpaid bonuses is within the scope of arbitration agreements between Plaintiff and Defendant and is therefore within the Convention, making the Complaint removable.

However, neither arbitration agreement cited by Defendant is signed by Plaintiff. Although a signature is not always required, and continued employment may constitute acceptance of a written arbitration policy under certain conditions, here, there is no evidence that Plaintiff explicitly or implicitly accepted the terms of the arbitration agreements. *See Turner v. U-Haul Co. of Florida,* No. 6:08-cv-118, 2008 WL 709107, at *2 (M.D. Fla. Mar. 14, 2008). In fact, Plaintiff alleges that he knowingly rejected the terms of the arbitration agreement and refused to sign the agreement.

In addition, the agreement does not state that by continuing employment with Defendant, the Plaintiff is agreeing to the terms of the agreement. Instead, the agreement states that the

employee is encouraged to consult an attorney before signing the agreement and then states that the employee should return the signed agreement to human resources. Although the agreement states that submitting all disputes to arbitration is a condition of employment, Defendant acted as if the employee's signature was necessary in order to bind the employee to the agreement. Having specified a particular mode of acceptance, there can be no agreement absent such acceptance. *Id.* at *5. Here, to the extent Plaintiff had notice of the policy, he rejected it. Under these circumstances, no assent to stated terms can be reasonably implied and Plaintiff cannot be bound by the agreement. Therefore, as this Court does not have jurisdiction pursuant to the arbitration agreements cited by Defendant, it is

**ADJUDGED** that Plaintiff's Motion for Remand is GRANTED and this case is REMANDED. The Clerk of Court shall mark this case as CLOSED and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of June, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record